IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

TORGER MCRAE                                                                          PLAINTIFF

v.                                      Civil No. 1:18-CV-01018

HOUSTON BRADSHAW, Detective,
Camden Police Department;
JOHNATHAN CHAMBERS, Detective
Camden Police Department; JOHN VOSS,
Chief of Police, Camden Police
Department;
and CAMERON OWENS, Administrator
Ouachita County Detention Center                                                    DEFENDANTS

## MEMORANDUM OPINION

This is a civil rights action filed *pro se* by Plaintiff, Torger McRae, under 42 U.S.C. § 1983. The parties have consented to the jurisdiction of a magistrate judge to conduct all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. (ECF No. 28). Currently before the Court are two motions for summary judgment filed by Defendant John Voss (ECF No. 32) and Defendants Houston Bradshaw and Jonathan Chambers.[1] (ECF No. 36). Plaintiff has filed a response. (ECF No. 45). The Court finds this matter ripe for consideration.

### I. BACKROUND

Plaintiff is currently being held in the Ouachita County Detention Center ("OCDC") awaiting trial on pending criminal charges. (ECF No. 9, p. 3). Plaintiff filed his Complaint on March 6, 2018, in the Eastern District of Arkansas. (ECF No. 2). On March 8, 2018, the case was transferred to the Western District of Arkansas, El Dorado Division. (ECF No. 4). That same day,

---

[1] Defendant Chambers is incorrectly referenced in the case caption as "Johnathan" Chambers.

1

the Court directed Plaintiff to submit a completed IFP application and file an Amended Complaint to clarify his claims against the defendants. (ECF Nos. 6, 7). Plaintiff named Houston Bradshaw and Jonathan Chambers – members of the 13th Judicial District Drug Task Force, John Voss – the Chief of Police for the Camden Police Department, and Cameron Owens – the Administrator for the OCDC as Defendants. On March 22, 2018, Plaintiff filed his Amended Complaint. (ECF No. 9). Plaintiff's IFP application was approved that same day. (ECF No. 11).

In his Amended Complaint, Plaintiff claims he was unlawfully arrested and transported to jail in his boxer shorts and subjected to racial slurs and excessive force. In addition, Plaintiff claims his bail was set too high because Defendants Bradshaw, Chambers and Voss forced a parolee to violate his parole by participating in a controlled buy which ultimately resulted in Plaintiff's arrest and subsequently, his alleged excessive bail.[2] Plaintiff sued Defendants in their individual and official capacities. He is seeking compensatory and punitive damages. Plaintiff also requests "disciplinary actions/sanctions against defendants, policy & procedure review by outside agency, compliance check in jail to ensure ACA standards." (ECF No. 9, p. 10).

On April 17, 2018, the Court entered a screening order pursuant to 28 U.S.C. § 1915A dismissing the individual and official capacity claims against Defendants Bradshaw, Chambers, and Voss related to excessive force and racial slurs. (ECF No. 14, p. 9). The Court also found the unlawful arrest claims against these Defendants were barred under the *Younger* abstention doctrine. The Court stayed these claims until Plaintiff's pending state criminal charges are resolved. Currently before the Court are Plaintiff's claims against Defendants Bradshaw, Chambers, and Voss based on a violation of the Fourth Amendment for refusing to allow Plaintiff to put on clothes

---

[2] Plaintiff also asserts claims against Defendant Owens for retaliation, denial of medical care, conditions of confinement at the OCDC, denial of access to legal materials, and excessive bail. These claims will be addressed by separate order.

when he was arrested and transported to jail and the imposition of excessive bail. *Id.* Taken in the light most favorable to Plaintiff, the relevant facts are as follows.

On August 22, 2017, Sergeant Easttem, an officer with the Camden Police Department, requested that a search warrant be issued for the residence of Plaintiff located at 2200 Airline Drive. (ECF No. 34-1, pp. 1-2). Sergeant Easttem is not a named defendant in this lawsuit. On August 22, 2017, Sergeant Easttam submitted an affidavit and Judge Hamilton Singleton, after finding probable cause based on this affidavit, issued a search warrant for the residence of Plaintiff. (ECF No. 34-4). At this time, the Drug Task Force already had an active warrant for Plaintiff for delivery of cocaine base or crack. (ECF 34-2). Pursuant to the August 22nd search warrant, on August 29, 2017, at 11:09 A.M., Sergeant Easttem, executed the search warrant on the residence, after "receiving further information there were drugs, firearms, possible stolen property in the residence and the DTF having a DOC warrant for McRae." (ECF No. 34-1). The search involved eleven officers, including Defendants Bradshaw and Voss. (ECF No. 34-5, p. 2). Upon entering the residence, the officers found Plaintiff lying in bed in his boxer shorts. During the search officers collected various items including a handgun, suspected methamphetamine, crack cocaine and marijuana, digital scales, plastic baggies and $467.00 in cash. (ECF No. 34-1).

While officers conducted the search, Plaintiff and his girlfriend sat on the outside porch of the residence. Body camera footage from Officer Easttem shows Plaintiff in his boxers. The boxer shorts covered all of Plaintiff's private areas and did not reveal his genitals when he sat down or stood up. In addition, the camera footage shows Plaintiff's girlfriend was fully dressed in a tank top and gray pants. (ECF No. 34-6, Axon Body 2 Video X81109770 2017-08-29 091201, 02:22-06:51). At one point, Plaintiff's girlfriend walks away with an officer and another officer asks Plaintiff if he has any shoes to wear. In response to this question, Plaintiff asked his girlfriend if

she could grab him some clothes. One of the officers told Plaintiff he only needed something for his feet.[3] *Id.* at 03:08-03:22. Plaintiff did not object or respond to the officer's instructions. Within minutes, another officer came out of the house with red tennis shoes for Plaintiff. This officer helped Plaintiff put on his shoes, and Plaintiff was then taken to the Camden Police Department. *Id.* at 03:22-03:51. Once they arrived at the police department, Plaintiff was put in a cell and allowed to keep his shoes because he was not wearing socks. A review of the video and audio reveals Plaintiff never complained about his lack of clothing during his arrest, transport to the police station, or his interview with detectives. *Id.;* (ECF No. 34-7, Torger McRae Interview, 00:01-29:59).

On August 31, 2017, Plaintiff appeared before Judge Singleton, where he was advised he was being detained on several charges including possession of a controlled substance with purpose to deliver (Class D Felony), possession of drug paraphernalia (Class D Felony), maintaining a drug premises (Class B Felony), proximity to certain facilities, delivery of a controlled substance (Class C Felony) and maintaining a drug premises (Class C Felony). Judge Singleton then set his bond for $250,000 after considering his family relationships, residency in Camden, and prior criminal convictions.[4] (ECF No. 34-3, pp. 1-6).

On December 4, 2018, Defendant Voss and Defendants Bradshaw and Chambers filed separate his motions for summary judgment arguing: 1) Plaintiff's constitutional rights were not violated when Plaintiff was arrested and detained in his boxer shorts; 2) Defendants Bradshaw and Chambers were not involved in Plaintiff's arrest; 2) none of these Defendants played any role in setting Plaintiff's bail; and 3) Defendants are entitled to qualified immunity. (ECF Nos. 32, 36).

---

[3] It is not clear from the record which officer made this statement.
[4] Plaintiff had previously been convicted of domestic battery in 2008, delivery of a controlled substance in 2010, delivery of a controlled substance in 2010, possession of a controlled substance in 2012, and delivery of a controlled substance in 2013. (ECF No. 34-3, p. 4).

## II. LEGAL STANDARD

Summary judgment is appropriate if, after viewing the facts and all reasonable inferences in the light most favorable to the nonmoving party, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986), the record "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Once a party moving for summary judgment has made a sufficient showing, the burden rests with the non-moving party to set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists." *National Bank of Commerce v. Dow Chemical Co.*, 165 F.3d 602, 607 (8th Cir. 1999).

The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. "They must show there is sufficient evidence to support a jury verdict in their favor." *National Bank*, 165 F.3d at 607 (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). "A case founded on speculation or suspicion is insufficient to survive a motion for summary judgment." *Id*. (*citing, Metge v. Baehler*, 762 F.2d 621, 625 (8th Cir. 1985)). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

## III. DISCUSSION

**A. Plaintiff's arrest in his boxer shorts**

Plaintiff claims Defendants Voss, Bradshaw and Chambers violated his constitutional rights when he was arrested, transported to jail and questioned in his boxer shorts.

### 1. Defendants Bradshaw and Chambers

First, the summary judgment evidence demonstrates neither Defendant Bradshaw or Chambers had any role in the arrest, transport or interrogation of Plaintiff in August of 2017. It is Plaintiff's burden to demonstrate the way a defendant violated a specific constitutional right. *Berge v. VanLangen*, 54 App's 252, 253 (8th Cir. 2003) citing *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985)). To state a § 1983 claim against a defendant, Plaintiff must allege a defendant "was personally involved in or had direct responsibility for incidents that" resulted in injury. *Id.*

Defendant Chambers was not at the scene of Plaintiff's arrest. (ECF No. 37-3, p. 1). Although Defendant Bradshaw was on the scene for Plaintiff's arrest, he was present to assist the Camden Police Department in executing a search warrant of Plaintiff's residence and did not participate in the arrest or transport of Plaintiff. (ECF No. 37-2, p. 1). Because neither Defendant Bradshaw or Chambers were involved in Plaintiff's arrest in his boxer shorts, they are entitled to summary judgment.

### 2. Defendant Voss

Defendant Voss was one of several officers who assisted in executing the search warrant and arrest of Plaintiff on August 29, 2017. While the Eighth Circuit has not specifically addressed the issue of whether arresting someone in only boxers and shoes is a Fourth Amendment violation, it has said that a violation of the right to bodily integrity must be "so egregious, so outrageous, that it may fairly be said to shock the contemporary conscious of the court." *Villanueva v. City of Scottsbluff*, 779 F.3d 507 (8th Cir. 2015) (quoting *Cnty. Of Sacramento v. Lewis*, 523 U.S. 833, 847 n. 8 (1998)). Whether a search incident to an arrest is reasonable under the Fourth Amendment requires a balancing of the scope of the intrusion, the manner in which it is conducted, the

justification for initiating the search, and the place in which it is conducted. *Bell v. Wolfish*, 441 U.S. 520, 559 (1979).

"Cases addressing the reasonableness of searches involving undergarments typically focus on cases where undergarments are intentionally removed and private areas are necessarily exposed for the purposes of visual inspection." *Farkarlun v. Hanning*, 855 F. Supp.2d 906, 927 (D. Minn. 2012). A search of a suspect incident to arrest is not unlimited in scope. *Curd v. City court of Judsonia, Ark.*, 141 F.3d 839, 842 (8th Cir. 1998). For example, "the interests supporting a search incident to arrest would hardly justify disrobing an arrestee on the street…" *Illinois v. Lafayette*, 462 U.S. 640, 645 (1983). Partial disrobing is also disfavored but may be permissible if a suspect's private areas are not exposed and officers take "steps commensurate with the circumstances" to diminish the potential invasion of a suspect's privacy. *United States v. Williams*, 477 F.3d 974, 977 (8th Cir. 2007) (holding search reasonable because police took steps to protect privacy and there was no evidence that an onlooker would have seen private areas of contact between officer and suspect's private areas).

When Defendant Voss arrived at Plaintiff's residence on August 29, 2017, he and other officers found Plaintiff in his boxer shorts and arrested him. When Plaintiff asked his girlfriend to get him some clothes, one of the officers told him all he needed was shoes. Officers then provided Plaintiff with shoes to wear. Plaintiff was initially detained on the front porch of his residence. He was then transported by Officer Easttem in a police car and escorted to what appears to be a single cell. He was then questioned in a separate room by two male officers. There is no summary judgment evidence indicating Plaintiff's genitals were ever exposed during the incident. Further, there is no evidence Plaintiff was injured or suffered any physical harm because of his dress at the time of the arrest and interrogation.

The Court finds there was no violation of Plaintiff's constitutional rights when he was arrested, transported to jail, and interrogated in his boxer shorts. Accordingly, Defendant Voss is entitled to summary judgment on this claim.

**B. Excessive Bail**

Plaintiff alleges that Defendants Voss, Bradshaw and Chambers used a parolee as a confidential informant to violate his parole by participating in a controlled buy, which ultimately resulted in Plaintiff's arrest and $250,000 bail. Plaintiff claims his constitutional rights were violated because the amount of bail was excessive. Plaintiff's claim fails for several reasons.

First, the use of a parolee as a confidential informant is not relevant in establishing the amount of bail. This issue, if relevant to anything, has more to do with whether probable cause existed to arrest Plaintiff or some other defensive theory of the underlying criminal charge. As previously stated, Plaintiff's constitutional claims relating to his arrest have been stayed until his criminal proceedings have concluded.

Second, there is no summary judgment evidence establishing that Defendants Voss, Bradshaw or Chambers were involved in determining the amount of Plaintiff's bail. It is the judge who determines bail. A judge's decision in setting bail is entitled to "great deference." *Harris v. United* States, 404 U.S. 1232 (1971). When setting bail in Arkansas, the judge considers the following factors contained in Rule 9.2 of the Arkansas Rules of Criminal Procedure: employment status, family relationships, past and present residence, character, the nature of the charges and likelihood of conviction, and the defendant's prior criminal record. Ark. R. Crim. P. 9.2. The amount of bail rests in the reasonable discretion of the court. *Foreman v.* State, 317 Ark. 146 (1994).

Here, Judge Singleton considered that Plaintiff was a lifelong resident of Camden and had family there. However, he also noted Plaintiff's extensive criminal history and the fact he was being charged with numerous offenses, ranging from possession of several different substances with an intent to deliver to illegal possession of firearms. After taking all these factors into consideration, Judge Singleton set Plaintiff's bail at $250,000.

Because Defendants Voss, Bradshaw and Chambers were not involved in setting Plaintiff's bail, they are entitled to summary judgment on this claim.

## CONCLUSION

For the reasons stated above, Defendants' Motions for Summary Judgment (ECF No. 32) and (ECF No. 36) are **GRANTED.** All claims against Defendants Houston Bradshaw, Jonathan Chambers, and John Voss are hereby **DISMISSED WITH PREJUDICE.**[5]

**IT IS SO ORDERED** this 14th day of February 2019.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE

---

[5] Because the Court finds there are no violations of Plaintiff's constitutional rights, it is not necessary for the Court to address the issue of qualified immunity.